**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4407**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LANCE HARDIMAN,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, Chief District Judge.  (4:17-cr-00469-RBH-1)

Submitted:  August 18, 2022                    Decided:  September 7, 2022

Before GREGORY, Chief Judge, and THACKER and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**   Elizabeth A. Franklin-Best, ELIZABETH FRANKLIN-BEST, P.C., Columbia, South Carolina, for Appellant.  Corey F. Ellis, United States Attorney, Derek A. Shoemake, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lance Hardiman appeals his jury conviction and 480-month prison sentence for armed bank robbery, in violation of 18 U.S.C. §§ 2, 2113(a), (d) (count 1), discharging a firearm during and in relation to the crime of violence of armed bank robbery charged in count 1, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(iii) (count 2), witness tampering, in violation of 18 U.S.C. §§ 2, 1512(a)(2)(C) (count 3), discharging a firearm during and in relation to and in furtherance of the crimes of violence of armed bank robbery charged in count 1 and witness tampering charged in count 3, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(iii) (count 4), and possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 2, 922(g)(1), 924(a)(2) (count 5). On appeal, Hardiman contends that he is entitled to relief under *Rehaif v. United States*, 139 S. Ct. 2191 (2019)-which was decided after he was convicted and sentenced-and challenges his prison sentence based on his mental health history. We affirm.

Hardiman contends he is entitled to relief under *Rehaif* and that this court should vacate his conviction on count 5 because the superseding indictment did not allege, and the Government did not prove, he was aware on the date of his possession that he was a convicted felon and therefore not eligible to possess a firearm. Because Hardiman did not raise these issues in the district court, we review them for plain error. *See Greer v. United States*, 141 S. Ct. 2090, 2096 (2021); *United States v. Caldwell*, 7 F.4th 191, 213 (4th Cir. 2021) ("[P]lain-error review applies to unpreserved *Rehaif* errors."). "To succeed in obtaining plain-error relief, a defendant must show (1) an error, (2) that is plain, (3) and that affects substantial rights." *Caldwell*, 7 F.4th at 211. When a defendant has been

2

convicted following a jury trial, he must show that without the error, "there is a reasonable probability that he would have been acquitted." *Greer*, 141 S. Ct. at 2097 (internal quotation marks omitted). "If those three requirements are met, [we] may grant relief if [we] conclude[] that the error had a serious effect on the fairness, integrity or public reputation of judicial proceedings." *Id.* at 2096-97 (internal quotation marks omitted).

In *Rehaif*, "the Supreme Court concluded that to obtain a § 922(g) conviction, the [G]overnment 'must show that the defendant knew he possessed a firearm [or ammunition] and also that he knew he had the relevant [felon] status when he possessed [them]." *Caldwell*, 7 F.4th at 213 (quoting *Rehaif*, 139 S. Ct. at 2194). "As the Supreme Court has noted, '[i]n a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon.'" *Id.* (quoting *Greer*, 141 S. Ct. at 2097). However, "the mere undisputed fact that [the defendant] was a felon at the time of the [offense] is not dispositive." *Id.*

"[T]here may be cases in which a defendant who is a felon can make an adequate showing on appeal that he would have presented evidence in the district court that he did not in fact know he was a felon when he possessed firearms." *Greer*, 141 S. Ct. at 2097. "But if a defendant does not make such an argument or representation on appeal, [this] court will have no reason to believe that the defendant would have presented such evidence to a jury, and thus no basis to conclude that there is a 'reasonable probability' that the outcome would have been different absent the *Rehaif* error." *Id.*; *see United States v.*

3

*Hobbs*, 24 F.4th 965, 973 (4th Cir.) (concluding that defendant failed to make required showing where he testified he was not allowed to possess firearms and had "not proffered 'a sufficient argument or representation' that he would have presented a factual basis at trial for contradicting this evidence that he knew he was a felon" (quoting *Greer*, 141 S. Ct. at 2100)), *cert. denied*, 142 S. Ct. 2825 (2022); *Caldwell*, 7 F.4th at 213 (concluding that defendant could not make required showing where he never disputed validity of his felony convictions and had served sentences longer than a year, "making it virtually impossible to believe he did not know he had been convicted of crimes punishable by such sentences").

Although there was plain error in this case under *Rehaif*, we conclude that Hardiman has not shown that his substantial rights were affected, *i.e.*, that absent the error, there is a reasonable probability that he would have been acquitted. Count 5 of the superseding indictment charged Hardiman with possession by a convicted felon of firearms and ammunition on or about May 4, 2016, and, at trial, Hardiman stipulated that, on that date, he had been convicted of a crime punishable by imprisonment for a term exceeding one year under 18 U.S.C. § 922(g)(1) and thus could not lawfully possess a firearm or ammunition. Hardiman's criminal record makes plain that he was convicted of possession with intent to distribute illegal drugs and threatening a public official or teacher and sentenced under the South Carolina Youthful Offender Act (YOA) for those convictions in 2014. On appeal, Hardiman has neither disputed the validity of these convictions nor suggested they were not felonies. Although Hardiman proffers on appeal his mental illness and the nature of his YOA sentence as reasons why knowledge of his prohibited status should not be imputed to him, he has not suggested he would have presented these

4

matters—or any other evidence—as factual bases at trial for contradicting the evidence that he knew he was a felon and could not possess firearms or ammunition.

Turning to Hardiman's 480-month prison sentence, "[t]his [c]ourt reviews all sentences—whether inside, just outside, or significantly outside the [Sentencing] Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (cleaned up). This review entails consideration of both the procedural and substantive reasonableness of the sentence. *Id.* In determining procedural reasonableness, this court considers whether the district court properly calculated the defendant's Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020). "As is well understood, to meet the procedural reasonableness standard, a district court must conduct an individualized assessment of the facts and arguments presented and impose an appropriate sentence, and it must explain the sentence chosen." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted). "Specifically, a district court's explanation should provide some indication that the court considered the § 3553(a) factors and applied them to the particular defendant, and also that it considered a defendant's nonfrivolous arguments for a lower sentence." *Id.* at 212-13 (cleaned up).

If there are no procedural errors, this court then considers the substantive reasonableness of the sentence, evaluating "the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose

5

satisfied the standards set forth in § 3553(a)." *Id.* at 212 (internal quotation marks omitted). Any sentence that is within or below a properly calculated Guidelines range is presumptively substantively reasonable, and the defendant bears the burden of demonstrating the sentence is unreasonable when measured against the § 3553(a) factors. *United States v. White*, 810 F.3d 212, 230 (4th Cir. 2016).

On appeal, Hardiman does not argue that the district court improperly calculated the applicable Guidelines range and sentences or that the court failed to afford the parties an adequate opportunity to argue for an appropriate sentence.    Rather, although acknowledging that the district court considered his mental health issues and imposed a prison sentence below the total Guidelines range because of those issues, Hardiman contends that the court failed to but should have considered that his mental health issues reduced the need for deterrence and made him less deserving of punishment than those without such issues.  Because Hardiman failed to preserve these arguments in the district court to that court's consideration of the 18 U.S.C. § 3553(a) factors and the explanation it gave for the sentence it imposed, we review this issue for plain error.  *United States v. Lynn*, 592 F.3d 572, 580 (4th Cir. 2010).

Hardiman, we conclude, fails to establish plain procedural error.  As Hardiman recognizes, the district court was aware he had significant and persistent psychological issues.  Hardiman's mental health diagnoses and hospitalization history were present in the presentence report the district court adopted.  Hardiman's counsel offered Hardiman's mental health struggles, his history of hospital admissions, his medication compliance and outcomes, the mental health evaluations that previously were performed in his case, and

6

the testimony given by a forensic psychologist at a hearing on his competency as factors supporting the imposition of a 360-month prison sentence. Hardiman's mother also spoke about Hardiman's mental issues and their impact and urged the district court to afford Hardiman "help" rather than prison.

After hearing from Hardiman's counsel and mother and counsel for the Government, the district court rejected the Government's request for a prison term of 567 months and imposed a 480-month term. In doing so, the court stated it had "thoughtfully and carefully" considered the § 3553(a) factors with regard to Hardiman. The court acknowledged the violent and serious nature of Hardiman's offense conduct, disagreed with the notion that he was a minimal or minor participant, and explained how he differed from his co-defendants. Nevertheless, the court stated it had accounted for Hardiman's mental health difficulties and learning issues and afforded Hardiman a downward variance from the total Guidelines range of 502 to 567 months' imprisonment based on his history of mental health issues.

Accordingly, despite Hardiman's argument to the contrary, the district court explicitly considered his mental health issues and found him less deserving of the level of incapacitating punishment suggested by the Guidelines as a result. Further, Hardiman has made no showing that the district court's explanation had "a prejudicial effect on the sentence imposed." *Lynn*, 592 F.3d at 580.[*]

---

[*] Moreover, insofar as Hardiman's argument can be understood as challenging the substantive reasonableness of the 480-month sentence or suggesting the district court should have varied even further below the total Guidelines range based on his mental health (Continued)

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

issues, such efforts fail. The district court conducted an individualized assessment of the § 3553(a) factors that included Hardiman's mental health issues, and the court explained that these issues warranted a below-Guidelines sentence. Hardiman fails to show his sentence is substantively unreasonable. *See United States v. Gomez-Jimenez*, 750 F.3d 370, 383-84 (4th Cir. 2014) (holding sentence was not substantively unreasonable where district court did not mention every § 3553(a) factor, but "recognized its obligation to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in the statute," and considered large drug quantities, length of conspiracy, defendant's history and family status, and need for deterrence (internal quotation marks omitted)); *United States v. Rivera-Santana*, 668 F.3d 95, 105 (4th Cir. 2012) (stating it was within district court's discretion to accord more weight to host of aggravating factors in defendant's case and decide that sentence imposed would serve § 3553 factors on the whole).